**MASTHOPE RAPIDS PROPERTY OWNERS COUNCIL**

v.

**Frederick URY, Appellant.**

**MASTHOPE RAPIDS PROPERTY OWNERS COUNCIL**

v.

**John OSOWSKI, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Dec. 9, 1996.

Decided Dec. 31, 1996.

Joseph G. Murray, Wilkes–Barre, for appellants.

John R. Kachur, Harrisburg, for appellee.

Before McGINLEY and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Frederick Ury and John Osowski (Appellants) appeal from the denial of their post-trial motions by the Court of Common Pleas of Pike County, which dismissed their case and reinstated the arbitration award in favor of Masthope Rapids Property Owners Council (Masthope). We affirm.

Masthope filed suit to collect dues and assessments on the land of Appellants. Subsequent to a district justice decision in favor of Masthope, Appellants appealed and a Board of Arbitrators also rendered a decision in favor of Masthope. Appellants then appealed to the trial court. A pre-trial conference was scheduled, which Appellants' counsel did not attend due to a scheduling conflict. Appellants' counsel notified the court administrator of his inability to attend the conference. The same notice which Appellants' counsel received regarding the conference also listed the first day of trial term, and stated that "all attorneys must be present for the call of the list." (90a.) The court administrator made several attempts to contact Appellants' counsel regarding the scheduled trial date, but Appellants' counsel never returned the calls. On the first day of trial term, Appellants' counsel failed to appear and the trial court entered an order in favor of Masthope which dismissed the appeal and reinstated the award of the Board of Arbitrators.

Appellants' counsel attempted to file a post-trial motion within the ten-day time limitation provided by Pa. R.C.P. No. 227.1(c),[1] which requested that the dismissal order be vacated. The prothonotary rejected the filing of the motion because, pursuant to local procedure, all motions must be presented in motions court. Appellants' counsel then appeared in motions court, subsequent to the ten-day appeal period, and presented the motion. The trial court denied the motion by opinion and order.

On appeal,[2] Appellants argue that the denial of the posttrial relief requested was an abuse of discretion by the trial court, because: 1) their counsel presented a sufficient excuse for not being present on the first day of trial term, and that the trial court should have contacted their counsel regarding the trial date; 2) a hearing should have been held on their post-trial motions; 3) their counsel did not violate any local rules or policies; and 4) their post-trial motion should be considered timely filed, since the prothonotary improperly rejected it for filing and such an act conflicts with the Pennsylvania Rules of Civil Procedure.

---

1. Rule 227.1 states that:
    (c) Post-trial motions shall be filed within ten days after (1) verdict, discharge of the jury because of inability to agree, or nonsuit in the case of a jury trial; or (2) notice of nonsuit or the filing of the decision or adjudication in the case of a trial without jury or equity trial....

2. Our scope of review is limited to determining whether the trial court committed an abuse of discretion or an error of law in denying the post-trial motion. *Milan v. Department of Transportation*, 153 Pa.Cmwlth. 276, 620 A.2d 721, *petition for allowance of appeal denied*, 535 Pa. 650, 633 A.2d 154 (1993). *See also Amoco Oil Co. v. Department of Transportation*, 679 A.2d 1369 (Pa. Cmwlth.1996). An abuse of discretion exists where the judgment exercised by the lower court is manifestly unreasonable or is the result of partiality, prejudice, bias, or ill will. *Milan*.

■ Masthope argues that the failure of a party to appear on the first day of trial is grounds for a trial court to dismiss the case, and reinstate the prior award. Masthope argues that all juries are picked on the first day of trial term, as per the local procedures of the county, and that Appellants' counsel should have returned the telephone calls of the court administrator, or determined when his case would be called to trial.

■ The failure of a party to appear at trial is grounds for the court to reinstate an arbitration award entered in favor of the plaintiff. The Supreme Court amended Pa. R.C.P. No. 218, removing the requirement for a court to make a preliminary finding that the party did not have a satisfactory excuse for the failure to appear.[3] The Amendment eliminates the need for a hearing prior to the dismissal to establish the lack of a satisfactory excuse, and places the burden upon the non-appearing party to file a motion and prove the right to relief.

■ There is no evidence of record that Appellants' counsel requested a hearing on the post-trial motion. Contrary to the contention of Appellants, there has been no "refusal" to hold a hearing.[4] In denying the post-trial motion, the trial court's opinion first discussed the merits of the motion, and later mentioned that the motion was not timely filed. The trial court considered the excuse Appellants' counsel presented for his failure to appear on the first day of trial, found it unsatisfactory, and rejected the contention that the dismissal should be reversed.[5] Therefore, the court fulfilled its duty to consider the merits of the excuse presented by Appellants' counsel. *See Petrone v. Whirlwind, Inc.*, 444 Pa.Superior Ct. 477, 664 A.2d 172 (1995).

■ The court further noted that counsel had previously appeared before the Court of Common Pleas of Pike County, and presumably was aware of the local procedures. Counsel who choose to practice law in a particular county are obliged to follow the rules and procedures of that county. It is noted that the trial court publishes a trial calendar for the year, issues notices of pre-trial conferences with the first day of trial term listed on that notice, and has an established procedure of picking all juries on the first day of the trial term. This is information that should have been known by counsel for Appellants, and would have been provided to him if he had either attended the pretrial conference or returned the telephone calls of the court. It is the duty of the parties to ascertain the schedule of the court.[6] *See generally, Ttmar, Inc. v. Sulka*, 402 Pa.Superior Ct. 319, 586 A.2d 1372 (1991). As the trial court stated, Appellants' counsel must not be permitted to justify his failure to appear on ignorance of local procedures. (134a.)

■ Finally, Appellants argue that since no hearing was held on the post-trial motion, no record was created for the appellate court to properly determine whether the trial court committed an abuse of discretion. Appellants argue that the explanatory comment to Pa. R.C.P. No. 218, although not binding, states that a record needs to be developed for the appellate court to consider.[7] In this

---

**3.** Rule 218 states:
(b) If without satisfactory excuse a defendant is not ready, the plaintiff may (1) proceed to trial, or, (2) if the case called for trial is an appeal from compulsory arbitration, either proceed to trial or request the court to dismiss the appeal and reinstate the arbitration award. (c) A party who fails to appear for trial shall be deemed to be not ready without satisfactory excuse.

**4.** In its dismissal order, the court noted that "[c]ounsel has not made any attempt to schedule an argument and this court deems such unnecessary." (122a.)

**5.** In the trial court's opinion pursuant to Pa. R.A.P.1925, the trial court states that a copy of the court calendar for the year was mailed to Appellants' counsel, and that the date for jury selection is listed on the court calendar. (133a).

**6.** Appellants make much of the fact that their counsel, in a different case, had been issued an order setting a trial date, and that such an order was not issued in this case. However, the fact that counsel may have previously obtained a "date certain" in another case has no bearing on his failure to attend the first day of trial in this case.

**7.** The 1993 explanatory comment for Pa. R.C.P. No. 218 states that: "[t]he petition or post-trial procedure will result in a record which will enable an appellate court to review the trial

case, the post-trial motion, the trial court's opinion and orders, and Appellants' statement of matters complained are all matters of record which fully discuss the issues and arguments involved. There is no language in Pa. R.C.P. No. 218 suggesting that the court shall automatically schedule a hearing on the matter, and it is evident from the record in this case that the trial court considered and rejected all of Appellants' arguments regarding the failure to appear. A hearing would not have altered Appellants' position or the arguments presented to the trial court. Thus, the error in the failure to hold a hearing, if any, is harmless error since the state of the record is sufficient for appellate review.[8]

Therefore, the record reveals that the merits of the motion were addressed by the trial court, and the trial court did not abuse its discretion in dismissing Appellants' case and reinstating the arbitration award.

Accordingly, we affirm.

### ORDER

AND NOW, this 31st day of December, 1996, the order of the Court of Common Pleas of Pike County in the above-captioned matter is hereby affirmed.

---

court's action to determine if there has been an abuse of discretion...."

8. It is not necessary to rule on Appellants' arguments that the rejection of the motion by the prothonotary was improper because it conflicts with the statewide practice of law, and the Pennsylvania Rules of Civil Procedure. Appellants argue that the motion was timely filed, since it was presented to the prothonotary within the ten-day period established by Pa. R.C.P. No. 227.1(c)(2). The remedy Appellants request is that their motion be deemed timely filed; however, it is clear from the trial court's opinion that the post-trial motion was considered on its merits, and not simply rejected as being untimely filed. Thus, even assuming arguendo that Appellants' motion should be considered timely filed, the trial court treated it as such in its determination of the motion.