**John P. CINO, Appellant,**

**v.**

**HOPEWELL TOWNSHIP GOVERN-MENT, Michael Baker Corporation, Anthony D'Amico, Gino Piroli,. William J. Wagner, Theodore Michalick, individually and in their capacities as members of Hopewell Township government.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 2, 1998.

Decided Aug. 10, 1998.

John P. Cino, appellant, for himself.

Michael B. Jones, Aliquippa, for appellees.

Mark F. McKenna, Pittsburgh, for appellee, Michael Baker Corporation.

Before COLINS, President Judge, SMITH, J., and MIRARCHI, Jr., Senior Judge.

COLINS, President Judge.

John Cino, proceeding pro se, appeals from the order of the Court of Common Pleas of Beaver County denying his petition to open a judgment of non pros entered against him because he failed to file the complaint in his action against Hopewell Township and specified township officials.

To remove a judgment of non pros, the petitioner must demonstrate to the trial court's satisfaction that the petition to open was promptly filed, provide a reasonable explanation for the delay, and demonstrate the

existence of facts to support the cause of action. *Pine Township Water Company v. Felmont Oil*, 425 Pa.Super. 473, 625 A.2d 703 (1993), *petition for allowance of appeal denied*, 537 Pa. 665, 644 A.2d 1202 (1994). Denial of a petition to open judgment of non pros must be affirmed unless the trial court abused its discretion. *County of Erie v. Peerless Heater Company*, 660 A.2d 238 (Pa. Cmwlth.1995). In support of his appeal, Cino alleges, as he did before the trial court, 1) that he could not file his complaint because he needed another document—a document in the Township's possession—in order to prepare the complaint; 2) that, as a pro se petitioner, he should not be held to the same standards as an attorney; and 3) that health problems prevented him from pursuing legal matters.

■ After reviewing the record in this matter, we agree with the trial court that Cino failed to provide a reasonable explanation for the delay and failed to demonstrate facts to support his cause of action. On March 10, 1997, the trial court granted Cino's first motion to extend the time for filing his complaint.[1] At that time, the court extended the deadline for filing the complaint until March 31, 1997 and stated in its order that no further extensions would be granted. The court informed Cino that he should file his complaint without the missing document and that he could later amend the complaint if necessary.[2] Cino failed to file his complaint by the March 31 deadline and continued to insist that he needed the document.

■ Cino's other proffered explanations similarly fail to justify the delay. Pro se petitioners are not excused from following the rules of civil procedure,[3] and Cino's need to obtain health care in February and April is not sufficiently compelling to justify his failure to timely file his complaint.[4]

Finally, Cino's proposed complaint, attached to his petition to open judgment, fails to allege facts that would support his claims of conspiracy, malfeasance, and fraud in connection with the Township's denial of a building permit to build a miniature golf course in 1965 at the Hopewell Township Shopping Center because that use was not permitted in a C–1 commercial district.[5]

Accordingly, the trial court acted within its discretion to deny Cino's petition to open judgment of non pros, and that order is affirmed.

### ORDER

AND NOW, this 10th day of August, 1998, the order of the Court of Common Pleas of Beaver County in the above-captioned matter is affirmed.

---

1. Cino's complaint was to have been filed within 20 days after he was served with a rule to file a complaint, Pa. R.C.P. No. 1037; Cino was served on January 31, 1997. On March 4, 1997 Cino received service of a notice of praecipe for entry of judgment of non pros for failure to file his complaint pursuant to Pa. R.C.P. No. 237.1. On March 10, 1997 Cino petitioned to extend the time for filing the complaint.

2. The trial court noted that Cino had already prepared his complaint and presented it to the court on March 10.

3. *Green v. Harmony House North 15th Street Housing Association, Inc.*, 684 A.2d 1112 (Pa. Cmwlth.1996).

4. Documents attached to Cino's brief indicate office visits to his physician in February and April 1997. The February visits were well before the March 31 filing deadline, and the April visits were after the deadline.

5. Apparently Cino never appealed the denial of the permit. He filed his praecipe to issue of writ of summons after reading a 1996 news report indicating that a hockey rink would be built on the same site. Based on his belief that a miniature golf course and a hockey rink are identical uses, in his complaint Cino alleges intentional acts of malfeasance, fraud, and civil conspiracy in the denial of his building permit and denial of his opportunity to build a golf course.