## CITY OF PHILADELPHIA, WATER REVENUE BUREAU

v.

## Steven FREMPONG, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 29, 1999.

Decided Jan. 21, 2000.

Steven Frempong, appellant, pro se.

James J. Zwolak, Philadelphia, for appellee.

Before McGINLEY, J., KELLEY, J., and MIRARCHI, Jr., Senior Judge.

McGINLEY, Judge.

Steven Frempong (Frempong) appeals *pro se* from an order of the Court of Common Pleas of Philadelphia County (common pleas court) which denied his petition to vacate the dismissal of fourteen statutory appeals entered against him by the Municipal Court of Philadelphia (municipal court).[1]

In 1992, the City of Philadelphia Water Revenue Bureau (City) filed several complaints in municipal court against Frempong for unpaid water/sewer usage. After hearing, the municipal court entered judgments in favor of the City against Frempong for failure to pay the water/sewer bills on fourteen separate properties. Frempong appealed to the common pleas court. The City raised preliminary objections which were dismissed on July 8, 1993, and a trial was scheduled for August 20, 1993. After reaching a partial settlement on August 20, 1993, the parties were ordered to appear for a pre-trial status conference on December 6, 1993. Frempong failed to appear at the status conference and the common pleas court dismissed the appeals.[2] The common pleas court determined: "[t]he above appeals are dismissed due to Defendant/Appellant's [Frempong] failure to appear." Order of the Common Pleas Court, Decem-

---

1. The fourteen cases were consolidated by the common pleas court.

2. On August 20, 1993, two of the cases were settled with a proviso that if payment was not made by a date certain, the common pleas court would enter a default judgment as to the two cases. We note that the record reflects Frempong did not comply with the terms of the August 20, 1993, consent order and that the common pleas court dismissed those appeals, as well, on December 6, 1993.

ber 6, 1993; Reproduced Record (R.R.) at 86.

On January 5, 1994, Frempong petitioned the common pleas court to vacate the dismissals. Frempong asserted that:

2. Defendant [Frempong] was not able to attend due to sudden serious illness that forced Defendant [Frempong] to be sent home.

3. Defendant's [Frempong] inability to attend the scheduled status hearing was beyond his control.

4. Denying Defendant's [Frempong] petition will cause irreparable harm and deny Defendant [Frempong] his constitutional rights of due process.

5. However, granting this relief will cause no harm to Plaintiff [City].

Frempong's Petition to Vacate Order, January 4, 1994 at 1–2; R.R. at 62–63. On June 18, 1997, the common pleas court denied Frempong's request to vacate.[3]

The common pleas court determined:

On December 6, 1993, without notice or explanation, Appellant [Frempong] failed to appear.

. . . .

Appellant [Frempong] claims that he was suddenly taken ill on his way to court and had to be taken home by his wife. The court found that this excuse was not credible since Appellant [Frempong] failed to explain why neither he nor his wife contacted the court on that date to advise that Appellant [Frempong] would not attend. It is noted that Appellant was scheduled to appear in court at 9:30 A.M. However, this court

did not dismiss these appeals until 12:15 P.M.

. . . .

Appellant's [Frempong] failure to raise a meritorious defense also served as a basis to deny Appellant's [Frempong] petition.

Opinion of the Common Pleas Court, June 20, 1997 at 2, 3–4; R.R. at 94, 95–96.

 Frempong contends that the common pleas court abused its discretion and committed legal error when it refused to vacate the December 6, 1993, dismissals and that his constitutional rights to due process were violated.[4]

 A party is under the same duty to appear at a scheduled conciliation or a pre-trial conference as to appear for trial. *Anderson v. Financial Responsibility Assigned Claims Plan*, 432 Pa.Super. 54, 637 A.2d 659 (1994). A *pro se* litigant is not absolved from complying with procedural rules. *Jones v. Rudenstein*, 401 Pa.Super. 400, 585 A.2d 520, *appeal denied*, 529 Pa. 634, 600 A.2d 954 (1991). Pa.R.C.P. No. 218 provides the consequences for failing to appear:

Rule 218. Party Not Ready When Case is Called for Trial

(a) Where a case is called for trial, if without satisfactory excuse a plaintiff is not ready, the court may enter a nonsuit on motion of the defendant or a *non pros* on the court's own motion.

. . . .

(c) A party who fails to appear for trial shall be deemed to be not ready without satisfactory excuse.

---

3. The record does not reflect any reason for the delay in resolving the petition to vacate the order of December 6, 1993.

4. A petition to the common pleas court to vacate the dismissal of an appeal for failure to attend a pre-trial conference is the equivalent of a petition to open a judgment of *non pros*. *Green v. Harmony House North 15th Street Housing Association, Inc.*, 684 A.2d 1112 (Pa. Cmwlth.1996). The common pleas court's decision to affirm a judgment of *non pros* will

be sustained unless the common pleas court committed a manifest abuse of discretion. *Narducci v. Mason's Discount Store*, 518 Pa. 94, 541 A.2d 323 (1988). An abuse of discretion exists where the judgment exercised by the common pleas court is manifestly unreasonable or is the result of partiality, prejudice, bias or ill will. *Milan v. Department of Transportation*, 153 Pa.Cmwlth. 276, 620 A.2d 721, *petition for allowance of appeal denied*, 535 Pa. 650, 633 A.2d 154 (1993).

## Note

The mere failure to appear for trial is a ground for the entry of a nonsuit or a judgment of *non pros* or the reinstatement of a compulsory arbitration award.

■ In 1993, our Pennsylvania Supreme Court amended Pa.R.C.P. No. 218 and removed the requirement that a court make a preliminary finding that the party did not have a satisfactory excuse for failing to appear. Subdivision (c) places the burden upon the non-appearing party to seek relief and establish a right to reopen the proceedings. *Masthope Rapids Property Owners v. Ury*, 687 A.2d 70 (Pa.Cmwlth. 1996).

■ In order to successfully petition the common pleas court to open or vacate a judgment *non pros*, Frempong was required to establish that the petition was timely filed, provide a reasonable explanation or legitimate excuse for the delay, and demonstrate the existence of facts to support a meritorious cause of action. *Cino v. Hopewell Township*, 715 A.2d 1242 (Pa. Cmwlth.1998).

■ The common pleas court considered Frempong's petition to be timely,[5] however Frempong presented no satisfactory reason for failing to notify the court and failed to assert facts to support a meritorious cause of action.

■ The common pleas court reasonably and responsibly addressed Frempong's failure to attend the mandatory status conference. This Court will only interfere to correct an abuse of discretion. *Green*, 684 A.2d at 1114. We find no abuse of discretion.[6]

Accordingly, we affirm.

5. The City concedes that the petition was timely.

6. Frempong also contends that his right to due process was violated. Due process requires a hearing on the merits and the right to be heard. *Department of Transportation v.*

## ORDER

AND NOW, this 21st day of January, 2000, the order of the Court of Common Pleas of Philadelphia County at the above captioned matter is affirmed.

*Clayton*, 546 Pa. 342, 684 A.2d 1060 (1996). However, Frempong's failure to obtain a hearing on the merits was his own doing. *See Rose v. Allentown Morning Call*, 427 Pa.Super. 84, 628 A.2d 441 (1993).