Richard P. SHAPPELL, an Assignee of Dilworth, Paxson, Kalish & Kauffman, LLP, Appellee,

v.

Bernard L. KUBERT, Esquire, Bernard L. Kubert & Associates, P.C. and Kubert, Hilmmelstein & Associates, P.C., Appellants.

Superior Court of Pennsylvania.

Argued Sept. 12, 2000.

Filed Nov. 30, 2000.

John A. Luchsinger, Media, for appellants.

Gregory F. Cirillo, Philadelphia, for appellee.

BEFORE: DEL SOLE, HUDOCK and STEVENS, JJ.

DEL SOLE, J.:

¶ 1 This is an appeal from a trial court order dismissing Appellants' appeal from an arbitration award and reinstating that award based upon Appellant, Bernard Kubert's, failure to appear at a pre-trial conference. We reverse.

¶ 2 In March of 1999, an arbitration hearing was held resulting in an award in favor of Appellee and against Appellants in the amount of $15,000. Appellants filed an appeal from the arbitrators' award. The trial court noted that its practice when dealing in appeals from arbitration is to list the case for mandatory status conference, at which time counsel are assigned a date to appear for a mandatory pre-trial settlement conference. During the scheduling of the settlement conference, counsel are directed to take a "Settlement Conference Memorandum," which on its cover-sheet provides: "APPELLANT MUST APPEAR WITH COUNSEL. APPELLEE MUST BE AVAILABLE BY TELEPHONE. FAILURE TO COMPLY MAY RESULT IN THE IMPOSITION OF SANCTIONS."

¶ 3 The pre-trial conference was scheduled for November 15, 1999, however Appellants' counsel conferred with Appellee's counsel in an effort to have it rescheduled due to a conflict. On November 22, 1999, Appellee's counsel faxed a notice to Appellants' counsel that the conference was rescheduled for November 24, 1999. At the settlement conference Appellants' counsel appeared without his client, Appellant Kubert. The court allowed counsel to contact Mr. Kubert by telephone but when that could not be accomplished, the court ruled that the appeal from arbitration would be dismissed. On December 1, 1999, Appellants filed a Petition for Reconsideration of the Dismissal of Defendant's Appeal from Arbitration Award. Therein it was averred that although Appellants' counsel knew of the rescheduled conference he never advised Mr. Kubert of the rescheduled date. It also states that Mr. Kubert was in route to visit his mother on the day of the conference, a trip that had been planned for months, and that after he was reached, Mr. Kubert telephoned counsel by 11:30 that same day.

¶ 4 The trial court denied Appellants' petition, and in an opinion written in response to Appellants' 1925 Statement, the court wrote that the "settlement conference was rendered purposeless and meaningless in view of Mr. Kubert's absence." Trial Court Opinion at 3. It further noted that the conference memorandum included a statement which required his appearance with his counsel and that Mr. Kubert is practicing attorney who is aware of "the importance of his availability for the settlement conference, which makes his unavailability less excusable." Trial Court Opinion at 4. The court explained that, because a litigant is required to appear at a pre-trial conference, the same as would required for appearance at trial under Pa. R.C.P. 218, and because Mr. Kubert failed

to appear, it was appropriate to dismiss the appeal from arbitration.

¶ 5 In pertinent part, Rule 218 provides:

**Rule 218. Party Not Ready When Case is Called for Trial**

. . .

(b) If without satisfactory excuse a defendant is not ready, the plaintiff may

. . .

(2) if the case called for trial is an appeal from compulsory arbitration, either proceed to trial or request the court to dismiss the appeal and reinstate the arbitration award.

. . .

(c) A party who fails to appear for trial shall be deemed to be not ready without satisfactory excuse.

¶ 6 Rule 218 applies not only to trial, but also to pre-trial conferences. *Anderson v. Financial Responsibility Assigned Claims Plan*, 432 Pa.Super. 54, 637 A.2d 659 (1994). "A party is under the same duty to appear at a scheduled conciliation or a pre-trial conference as to appear for trial." *City of Philadelphia v. Frempong*, 744 A.2d 822, 824 (Pa.Commw.2000). Thus, where a party failed to appear at a scheduled pre-trial conference, and no evidence was offered in support of the appellant's petition to vacate the trial court's order, this court has upheld a trial court's dismissal of an appeal and reinstatement of the arbitration award. *Anderson*, 432 Pa.Super. 54, 637 A.2d 659.

¶ 7 However, in this case, although Mr. Kubert failed to personally appear, his counsel was present. This is in contrast to those cases where neither the named party nor the counsel of record appeared on behalf of the party. *Kalantary v. Mention*, 756 A.2d 671 (Pa.Super.2000); *First Union Mortgage Corp. v. Frempong* 744 A.2d 327 (Pa.Super.1999); *City of Phila-*delphia v. Frempong*, 744 A.2d 822 and *Anderson*, 432 Pa.Super. 54, 637 A.2d 659. Where counsel of record attends on behalf of a party it cannot be said that the court process was ignored. Rule 218 refers to a "party" and we find that a party appears where counsel is present on behalf of the named party. We note that it is possible for counsel to appear on behalf of a party for trial, select a jury and proceed to trial without the named party's presence.

¶ 8 Rule 218 speaks to the presence and readiness of a party. Where a defendant fails to appear after an appeal from arbitration, under Rule 218 the court may act to dismiss the appeal and reinstate the arbitration award. However, the rule is satisfied where counsel appears on behalf of the party. The trial court in this case apparently engages in a local practice requiring the individual named party to appear in an attempt to reach settlement. While we understand the rationale behind such practice, a violation of a local practice that requires a individual named party's presence at a pre-trial settlement conference cannot be the basis for a dismissal under Rule 218. Under Pa.R.C.P. 239, local rules cannot be inconsistent with any general rule of the Supreme Court and no civil action or proceeding may be dismissed for failure to comply with a local rule other than one promulgated under Rule of Judicial Administration 1901. *See* Pa.R.C.P. 239(b)(1) and (f). The trial court had the authority to impose "sanctions" for Mr. Kubert's failure to appear in violation of the court's directive set forth in the court's settlement conference memorandum. However, the trial court acted outside its authority when it dismissed the appeal in this matter.

¶ 9 We also note that in this case Appellants filed a timely petition for reconsideration of the dismissal of the appeal and therein provided the court with the reasons for Mr. Kubert's absence. Mr. Kubert advised the court that he was not told by his counsel that a new date had been set

for the settlement conference and that counsel was unable to immediately contact him because he was traveling for a pre-planned visit with his mother. He also advised the court that immediately upon learning of the situation, he telephoned counsel. The trial court does not specifically refer to the reasons offered by Appellant, which it apparently did not find acceptable. In view of our ruling, we find it unnecessary to comment on whether these reasons should have been accepted by the trial court. However, we note it was appropriate for Appellants to present these reasons to the court in an effort to explain Mr. Kubert's absence and seek to have the court reconsider its decision. *See, Kalantary v. Mention,* 756 A.2d 671, *City of Philadelphia v. Frempong,* 744 A.2d 822, *First Union v. Frempong,* 744 A.2d 327, and *Anderson,* 432 Pa.Super. 54, 637 A.2d 659.

¶ 10 Because it was improper for the trial court to dismiss Appellants' appeal and reinstate the arbitration award based upon Mr. Kuber's absence at the pre-trial settlement conference, we reverse and remand this matter for further proceedings.

¶ 11 Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.