J. S45030/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOHN KLIMCHAK | : | IN THE SUPERIOR COURT OF |
| Appellant | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TROY THOMAS | : | |
| | : | |
| | : | No. 1907 WDA 2015 |

Appeal from the Judgment Entered December 7, 2015
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): No. AR-14-004347

BEFORE: OLSON, DUBOW AND PLATT, JJ.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED OCTOBER 26, 2016**

Appellant, John Klimchak, plaintiff below, appeals from the Judgment entered in the Court of Common Pleas of Allegheny County on December 7, 2015, following the denial of his Post-Trial Motion. After careful review, we vacate the Judgment entered in favor of Appellee, Troy Thomas, and remand for a new trial.

Appellant, through counsel Charles J. Grudowski, Esquire, filed a landlord-tenant action against *pro se* Appellee on October 17, 2014, to recover $17,330 for past-due rent and late fees. On December 18, 2014, Appellee filed an Answer, New Matter, and Counterclaim. Appellant filed Preliminary Objections to Appellee's Counterclaim on January 21, 2015. The

---

[*] Retired Senior Judge Assigned to the Superior Court.

trial court sustained Appellant's Preliminary Objections on January 30, 2015, and dismissed Appellee's Counterclaim. Appellee filed an Amended Counterclaim on February 26, 2015, to which Appellant filed an Answer on March 27, 2015.

This matter proceeded to arbitration, and on April 8, 2015, the Board of Arbitrators issued an award for Appellant. Appellee filed a Notice of Appeal from the Board of Arbitrators' decision on May 7, 2015.

The trial court docket reflects that on June 29, 2015, the court scheduled this case for trial on November 5, 2015. However, when the case was called to trial on that day, neither Appellant nor his counsel was present in court. At the beginning of the proceeding, the trial court stated on the record:

> Now, we noted on here that there was an attorney's appearance listed on the case and it has never been removed. We made a phone call a half an hour ago or something and he has indicated that he no longer has any contact, nor is he representing [Appellant] . . . and he wasn't coming over here.

N.T., 11/5/15, at 2.

The trial court then proceeded to trial on Appellee's counterclaim and, apparently, on Appellant's claim. At the conclusion of the proceeding, the trial court stated in open court that, because Appellant and his counsel failed to appear, it would enter a verdict in favor of Appellee on both Appellant's claim and Appellee's counterclaim. *Id.* at 4. At no time during the proceedings did Appellee move for entry of a nonsuit. *Id.* at 1-4.

- 2 -

The trial court then issued two separate, written "non-jury verdicts" that were entered on the docket. **See** Non-Jury Verdict on Appellant's Claim, 11/10/15, at 1; Non-Jury Verdict on Appellee's Counterclaim, 11/10/15, at 1. The written verdict sheets are, in all substantial respects, identical to the trial court's in-court pronouncement.

On November 13, 2015, Appellant, through new counsel, Jack L. Franks, Esquire,[1] filed a Motion for Post-Trial Relief in which Appellant requested that the trial court vacate its non-suit verdict in Appellee's favor, or, in the alternative, "reconsider the weight of the evidence presented at trial." **See** Mot. for Post-Trial Relief, 11/13/15, at 1 (unpaginated). Appellant alleged in his Motion that, after receiving Appellee's Notice of Arbitration Appeal, he informed his attorney, Charles J. Grudowski, Esquire, that he would proceed *pro se*, but that Attorney Grudowski failed to file a Motion to Withdraw as Counsel. **Id**. at 2-3. Appellant claimed that his former counsel did not give him notice of the November 5, 2015 trial date, and therefore he failed to appear. **Id.** at 3-4. Appellant also alleged in his Motion that when the trial court contacted Attorney Grudowski on the day of trial to ascertain his reason for not appearing, Attorney Grudowski informed the court that he was unaware of the trial date because he no longer represented Appellant. **Id.**

---

[1] On November 13, 2015, Jack L. Franks, Esquire also filed a *Praecipe* for Substitution of Counsel.

The trial court denied Appellant's Post-Trial Motion on November 13, 2015, without holding a hearing. Appellant filed a *Praecipe* for Entry of Judgment and a Notice of Appeal on December 7, 2015. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following claims for our review:

> Whether the [c]ourt below abused its discretion and/or rendered a decision unsupported by the evidence and/or erred as a matter of law in denying Appellant's Motion for Post Trial Relief, wherein:
>
> 1. The [c]ourt became aware the day of trial that the attorney of record for the Appellant was no longer representing him and when contacted by the [c]ourt informed [c]ourt personnel that the Appellant had no prior notice of the trial date. And even with this knowledge contrary to the normal procedures of the Allegheny County Courts to notify unrepresented parties in writing of trial dates the [c]ourt erroneously commenced the proceeding without any notice to the Appellant.
>
> 2. The evidence submitted of record was not sufficient for a reasonable fact finder to conclude that the alleged lost items presented were taken by the Appellant and were of the significant value awarded.

Appellant's Brief at 4.

Before we consider the merits of the issues Appellant raises on appeal, we must determine whether this appeal is properly before us. With respect to Appellant's claims against Appellee, the trial court's "verdict" was actually a judgment of *non pros* as provided for in Pa.R.C.P. 218(a). Rule 218(a) provides, in relevant part, that "[w]here a case is called for trial, if without satisfactory excuse a plaintiff is not ready, the court may enter . . . a *non*

*pros* on the court's own motion." Pa.R.C.P. 218(a). To obtain relief from a judgment of *non pros*, a party must file a Petition under Pa.R.C.P. 3051. **See** Pa.R.C.P. 3051 Comment. **See also** Pa.R.C.P. 218 note; Pa.R.C.P. 218 Explanatory Comment—1993.[2] A "Rule 3051 petition to open serves the same function as a post-trial motion." **Sahutsky v. H.H. Knoebel Sons**, 782 A.2d 996, 1000 (Pa. 2001). "Both filings exist to afford the Court of Common Pleas an opportunity to correct alleged errors before an appeal is pursued." **Id**.

Generally, a failure to timely file a petition to open or strike a judgment of *non pros* "operates as a waiver of any right to address issues concerning the underlying judgment." **Bartolomeo v. Marshall**, 69 A.3d 610, 614 (Pa. Super. 2013). However, our Supreme Court has recognized that the Rules of Civil Procedure are to be "liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties." Pa.R.C.P. 126. **See e.g.**, **Kurtas v. Kurtas**, 555 A.2d 804, 806 (Pa. 1989) (recognizing that "at times

---

[2] The 1993 Explanatory Comment provides: "If the court enters a judgment of non pros . . . and there exists a sufficient excuse, the aggrieved party may present the excuse through a . . . petition to open the judgment. . . . The petition . . . will result in a record which will enable an appellate court to review the trial court's action to determine if there has been an abuse of discretion."

the rigid application of our rules does not serve the intended purpose of justice and fairness but rather results in a harsh or even unjust consequence. For this reason, [the Supreme Court] promulgated Pa.R.C.P. 126 wherein [it] granted to the trial court latitude to overlook any procedural defect which does not prejudice the rights of a party") (internal emphasis omitted).

In the instant matter, rather than enter on the docket a judgment of *non pros* in Appellee's favor, the trial court entered what it called a "verdict." In response, Appellant filed a Post-Trial Motion. Because Appellant's Post-Trial Motion complied with all of Rule 3051's substantive requirements for obtaining relief from a judgment of *non pros*, we conclude that the filing of his Post-Trial Motion was sufficient to preserve Appellant's issues on appeal.

In his first issue on Appeal, Appellant challenges the trial court's denial of his request for a new trial, based on his proffer of a "satisfactory excuse for [his] failure to appear" at the November 5, 2015 trial. Appellant's Brief at 4, 7.

"[O]ur standard of review when faced with an appeal from the trial court's denial of a motion for a new trial is whether the trial court clearly and palpably committed an error of law that controlled the outcome of the case or constituted an abuse of discretion." *Schuenemann v. Dreemz, LLC*, 34 A.3d 94, 98-99 (Pa. Super. 2011) (citation omitted); *Morrison v. Dep't of Pub. Welfare, Office of Mental Health*, 646 A.2d 565, 570-71

J.S45030/16

(Pa. 1994).

> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

*Sabella v. Estate of Milides*, 992 A.2d 180, 185 (Pa. Super. 2010) (citation omitted).

Pennsylvania Rule of Civil Procedure 218(c) provides: "A party who fails to appear for trial shall be deemed to be not ready without satisfactory excuse." Pa.R.C.P. 218(c).

> A "satisfactory excuse" must be an excuse that would constitute a valid ground for a continuance. Examples of such valid grounds include agreement of counsel; illness of counsel, a party, or a material witness; inability to maintain the testimony of an absent witness by means of discovery; or such other grounds as may be allowed by the court.

*Breza v. Don Farr Moving & Storage Co.*, 828 A.2d 1131, 1134-35 (Pa. Super. 2003) (citations and some quotation marks omitted).

Om Appeal, this Court may review the record to determine if the appellant proffered a satisfactory excuse. *See*, *e.g.*, *McFarlane v. Hickman*, 492 A.2d 740, 742-43 (Pa. Super. 1985) (where, after reviewing the record, this Court determined that the appellant's excuses for failing to appear at trial were insufficient); and *Masthope Rapids Property Owners Assn. v. Ury*, 687 A.2d 70, 72-73 (Pa. Cmwlth. 1996) (after considering the

- 7 -

appellant's post-trial motion, the trial court's opinion and orders, and the appellant's Pa.R.A.P. 1925(b) statement, all of which were matters of record which fully discussed the issues and arguments and involved, the Commonwealth Court determined that a hearing on the post-trial motion was not necessary because "it is evident from the record in this case that the trial court considered and rejected all of [the a]ppellant's arguments regarding the failure to appear").[3]

In his Post-Trial Motion, Appellant alleged that following the arbitration hearing Appellant discharged Attorney Grudowski, but Attorney Grudowski failed to withdraw his representation as he was required to do.[4] Because Attorney Grudowski failed to withdraw, he was still Appellant's attorney of record, and should have seen the November 5, 2015 trial date published in the Pittsburgh Legal Journal.[5] Had Attorney Grudowski withdrawn, Appellant

---

[3] Although we acknowledge that decisions of the Commonwealth Court are not binding on this Court, we may choose to follow them if we find them persuasive. **See Beaston v. Ebersole**, 986 A.2d 876, 881 (Pa. Super. 2009).

[4] Pennsylvania Rule of Professional Conduct 1.16(a) provides: "a lawyer shall not represent a client or, where representation has commenced, shall withdraw from representation of a client if: . . .the lawyer is discharged." Pa.R.Prof.Conduct 1.16(a). Further, Rule 1.16(c) states: "[a] lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating representation." Pa.R.Prof.Conduct 1.16(c).

[5] Allegheny County Local Rule 214(5) provides:

> Initial Publication of Trial Lists. The trial dates for each term and the cases scheduled to be tried during that term

would have received a mailed notice of the trial date. Appellant—who wished to proceed *pro se*, thought he was proceeding *pro se*, and effectively was proceeding *pro se*—did not receive notice of the trial date that was published in the limited-circulation Pittsburgh Legal Journal. ***See*** Mot. for Post-Trial Relief at 2-4 (unpaginated).

Following our review of the record and the relevant case law, we find that Appellant proffered a "satisfactory excuse" for failing to appear at the November 5, 2015 trial, and the trial court, thus, abused its discretion in denying Appellant's Post-Trial Motion. We conclude that Attorney Grudowski's failure to withdraw as counsel, which led to the Allegheny County Court of Common Pleas not notifying Appellant directly about the trial date, was a satisfactory excuse for Appellant not appearing on the day of trial. Accordingly, we reverse the Order of the trial court denying

---

are published approximately one hundred and twenty (180) [sic] days prior to the beginning of each of the trial terms in the Pittsburgh Legal Journal. It shall be the responsibility of in-county counsel to monitor the Pittsburgh Legal Journal for the initial listing of a case on a trial list. **Publication of trial lists in the Pittsburgh Legal Journal is the only form of notice given to in-county counsel of the listing of a case for trial. Unrepresented parties and out-of-county counsel who submit notice of their address to the Calendar Control Office of the Civil Division (see Local Rule 212.1(3)) are mailed a notice of the earliest trial date.**

Allegheny County Local Rule 214(5) (emphasis added).

Appellant's Post-Trial Motion, vacate the Judgment entered in favor of Appellee, and remand for a new trial.

Because of our resolution of Appellant's first issue, we need not reach the merits of his second issue.

Judgment vacated. Case remanded for proceedings consistent with this Memorandum. Jurisdiction relinquished.

Judge Platt joins the memorandum.

Judge Olson files a Concurring/ Dissenting Memorandum.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/26/2016