471 A.2d 518

**Frank SALLADINO, Michael Salladino and Florence Salladino, Appellants,**

v.

**PATROLMAN BROOKS # 4035, Patrolman Conrad # 9317 and Philadelphia Police Department.**

Superior Court of Pennsylvania.

Submitted April 21, 1983.

Filed Jan. 20, 1984.

Nino V. Tinari, Philadelphia, for appellants.

Jill A. Douthett, Assistant City Solicitor, Philadelphia, for appellees.

Before WICKERSHAM, ROWLEY and WATKINS, JJ.

WATKINS, Judge:

This matter comes before us on direct appeal from the entry of a compulsory non-suit by the Honorable Ned L. Hirsh in the Court of Common Pleas of Philadelphia County on October 27, 1981 when appellants Frank, Michael and Florence Salladino failed to appear at the trial of their trespass action against Patrolmen Brooks and Conrad, two police officers employed by the City of Philadelphia. Appellants have presented one question for us on review and we limit our review to the question of whether the trial judge abused his discretion in granting appellee/defendant's request for a non-suit.

It is our opinion that as to appellants/plaintiffs Michael and Florence Salladino, the trial judge did not abuse his discretion in granting the non-suit. However, we find that as to Frank Salladino a non-suit should not have been granted.

The granting of continuances is governed by Rule 216 [1] and Rule 218 of the Pennsylvania Rules of Civil Procedure.

---

1. P.R.C.P. 216 covers Grounds for Continuance. The following sections are applicable to the matter at hand:

Rule 218 states in its pertinent part, "When a case is called for trial, if one party is ready and the other is not ready, without satisfactory excuse being made known to the court, a non-suit may be entered on motion of the defendant, or the plaintiff may proceed to trial, as the case may be."

Appellants filed a Complaint in Trespass on December 29, 1975 alleging they were victims of police brutality in an incident that occurred on February 20, 1975. The record shows that between 1975 and August, 1980, plaintiffs' only activities of record were to respond to defendants' discovery. A certificate of Readiness for Trial was filed by plaintiffs on August 16, 1980 and on May 20, 1980, the

**RULE 216. Grounds for Continuance**

(A) The following are grounds for continuance:

(1) Agreement of all parties or their attorneys, if approved by the Court;

(2) Illness of counsel of record, a material witness, or party. If requested a certificate of a physician shall be furnished, stating that such illness will probably be of sufficient duration to prevent the ill person from participating in the trial;

(3) Inability to subpoena or to take testimony by deposition, commission, or letters rogatory, of any material witness, shown by affidavit which shall state:

(a) The facts to which the witness would testify if present or if his deposition should be taken;

(b) The grounds for believing that the absent witness would so testify or give his deposition:

(c) The efforts made to procure the attendance or deposition of such absent witness; and

(d) The reasons for believing that the witness will attend the trial at a subsequent date, or that his deposition can and will be obtained;

(4) Such special ground as may be allowed in the discretion of the court.

(B) Except for cause shown in special cases, no reason above enumerated for the continuance of a case shall be of effect beyond one application made in behalf of one party or group of parties having similar interests.

(C) No application for continuance shall be granted if based on a cause existing and known at the time of publication or prior call of the trial list unless the same is presented to the court at a time fixed by the court, which shall be at least one week before the first day of the trial period. Applications for continuances shall be made to the court, or filed in writing with the officer in charge of the trial list, after giving notice of such application by mail, or otherwise, to all parties or their attorneys. Each court may, by local rule, designate the time of publication of the trial list for the purposes of this rule.

parties stipulated to place the case on the Major Trial List. From the time the case was placed on the Major Trial List until September, 1981, the plaintiffs requested several continuances. Approximately six weeks in advance of trial, the parties were notified of the time and place of trial. The scheduled trial date was for October 27, 1981. However, on that day at 9:15 a.m., counsel for the appellants telephoned the court to seek another continuance. This request was denied and at 10:00 counsel for the plaintiffs did appear but without his clients. Testimony was given as to the whereabouts of the plaintiff Frank Salladino. He was incarcerated in Montgomery County. Neither of the other plaintiffs appeared at trial and no excuses were offered for their failure to appear although plaintiffs' counsel did acknowledge that they were notified to be present. The defendants moved for a non-suit when the plaintiffs did not appear and the motions was granted.

It is well established that the decision granting judgment of non pros is soundly within the discretion of the lower court whose decision will not be reversed absent manifest abuse of discretion. *Richards v. Swift*, 241 Pa.Superior Ct. 359, 361 A.2d 688 (1976); *Gallagher v. Jewis Hospital Assn. of Phila.*, 425 Pa. 112, 228 A.2d 732 (1967). To aid the judge in exercising his discretion there is a test which he applies which governs entry of judgment of non pros encompassing three main areas of consideration. The court considers whether plaintiffs' delay indicates that they have not prosecuted the matter with due diligence, and it must be shown that there was no justification or compelling reason for the delay and the delay must cause prejudice to the defendant. *American Bank and Trust Co. v. Ritter, Todd and Haayen*, 274 Pa.Superior Ct. 285, 418 A.2d 408 (1980); *Nath v. St. Clair Memorial Hospital*, 251 Pa.Superior Ct. 361, 380 A.2d 820 (1977); *Richards v. Swift*, supra.

The plaintiff must be given the benefit of all favorable evidence and all reasonable inferences arising therefrom. *Latch v. Reburn*, 220 Pa.Superior Ct. 396, 281 A.2d 673 (1971); *Tolbert v. Gillette*, 438 Pa. 63, 260 A.2d 463

(1970); *Laubach v. Haigh,* 433 Pa. 487, 252 A.2d 682 (1969). Applying this law and viewing the record presented here in regard to appellants Michael and Florence Salladino, the lower court did not abuse its discretion in ordering a non-suit for it is apparent that no justification was presented to the court for their non appearance after many previous continuances had been granted.  In fact appellants' counsel testified that he had notified his clients to be present at the hearing at 9:30 A.M.  There being no compelling reasons presented for further delay, the judgment of non pros as to Michael and Florence Salladino was properly entered. However, since appellant Frank Salladino was not able to exercise any control over his attendance at the trial and viewing the evidence as to his appearance in the light most favorable to him, *Latch v. Rebrun,* supra; *Tolbert v. Gillette,* supra; *Laubach v. Haigh,* supra, we must hold that as to this particular appellant the non-suit should not stand.

Despite the past history of this matter, counsel appears to have tried to secure this appellant's appearance in court. On October 23, 1981, counsel did file a Petition [2] requesting that Frank Salladino be released for purposes of attending his trial.  At the trial hearing on October 27, 1981 counsel did not consent to a non-suit for failure to be ready to proceed with the trial.  In effect he opposed the non-suit for in a colloquy with the judge he described the service of papers made in order to secure the attendance of his incarcerated client at the trial.  Counsel testified that he was told on the day before the scheduled trial in Philadelphia that his client would be on trial in Montgomery County on the same day.  Therefore, giving appellant, Frank Salladino, every benefit to be derived from this evidence and from all reasonable inferences arising therefrom, we hold that as

**2.**  Attached to appellants' brief was a copy of an Order and Petition for Permission to Attend Civil Trial.  There was no filing date stamped on it, but we note that the attorney's statement was notarized on October 23, 1981.  Also attached as an exhibit was a $5.50 receipt showing this amount was paid on October 23, 1981 for Permission to Attend a Civil Trial for Frank Salladino and for two copies.

to appellant Frank Salladino, the non-suit should not have been granted.

The order of October 28, 1981 granting non-suit against plaintiffs Michael Salladino and Florence Salladino is affirmed; the portion of the same order granting non-suit against plaintiff Frank Salladino is reversed; and the case remanded for trial. Jurisdiction is relinquished.