585 A.2d 520

**Damon JONES, Appellant,**

v.

**David RUDENSTEIN, Esq., Appellee.**

Superior Court of Pennsylvania.

Submitted Oct. 16, 1989.

Filed Jan. 24, 1991.

Damon Jones, appellant, pro se.

David S. Rudenstein, Philadelphia, pro se.

Before OLSZEWSKI, KELLY and JOHNSON, JJ.

KELLY, Judge:

The instant case involves a *pro se* appeal from a judgment of *non pros* entered against a *pro se* litigant upon an attorney malpractice claim arising from appellant's unsuccessful post-verdict challenge to prior counsel's effectiveness in the trial which resulted in his conviction of first degree murder. We affirm.

As with many cases involving *pro se* litigants, the procedural history is obscure and confused, and the record contains gaping omissions. Nonetheless, we glean the following from the record here on appeal.

On October 15, 1987, appellant filed a complaint asserting claims for attorney malpractice against appellee seeking compensatory and punitive damages. The underlying basis for the claim was explained in the complaint as follows.

In May 1983, appellant was convicted of first degree murder. After trial appellant filed a *pro se* motion for withdrawal of trial counsel and appointment of new counsel alleging eleven instances of ineffective assistance of counsel. Prior counsel was permitted to withdraw and present appellee was appointed as counsel.

Following appointment of appellee, appellant filed a *pro se* brief in support of the eleven claims of ineffectiveness previously asserted in the *pro se* motion. Appellee subsequently filed counselled supplemental post-verdict motions and a brief in support thereof. Appellant subsequently filed another *pro se* motion and memorandum of law in support of five additional grounds for post-verdict relief. Later, appellant filed two more *pro se* contentions.

An evidentiary hearing was conducted, at which appellee questioned prior counsel regarding various ineffectiveness claims. Appellant's complaint against appellee is that appellee failed to ask prior counsel a list of questions (not in the record) which appellant prepared relating to the grounds asserted by appellant *pro se,* and in failing to otherwise question appellant regarding those grounds.

The complaint fails to indicate the disposition of the post-verdict motions, or whether any appeal or post-conviction relief proceedings followed.[1] The complaint nonetheless seeks compensatory and punitive damages in the amount of $20,000, and such other relief as the court should deem proper.

Judgment of *non pros* was entered on December 8, 1988. Appellant contends that he sent a petition to open on December 14, 1988, but that it was returned unfiled because the judgment of *non pros* had not yet been docketed. On December 27, 1988, appellant filed notice of appeal. On January 2, 1989, appellant filed a praecipe for entry of an adverse order. On January 10, 1989, the Judgment of *Non Pros* was finally entered on the docket. Rather than resub-

1. Appellee's brief indicates that the post-verdict motions were denied, and a sentence of death was imposed on December 30, 1987. These facts, however, are not of record in the instant case.

mitting his petition to open, appellant proceeded with the instant appeal.

On appeal appellant contends the trial court abused its discretion in entering the *non pros.* We cannot agree.

When reviewing the entry of a judgment of *non pros,* it is well settled law that the decision will not be reversed on appeal absent an abuse of discretion on the part of the trial court. *Nivens v. Chestnut Hill Hospital,* 373 Pa.Super. 377, 541 A.2d 365 (1988). This Court has recently determined that a party may file a direct appeal from the entry of a judgment of *non pros* without filing a petition to open the judgment prior to the filing of an appeal. *Valley Peat & Humus v. Sunnyland Inc.,* 398 Pa.Super. 400, 581 A.2d 193; (Johnson, J., dissenting); *Williams v. Gallagher,* 396 Pa.Super. 584, 579 A.2d 403 (1990) (Johnson, J., dissenting). In order to establish grounds to open a judgment *non pros,* a petitioner must demonstrate:

1) the petition to open was timely filed;

2) the default can be reasonably explained; and,

3) facts in support of a proper cause of action are alleged.

*See Walt Medical v. Electro Nucleonics,* 400 Pa.Super. 274, 583 A.2d 492 (1990). Setting aside the first requirement as arguably problematic in this case, it is clear that appellant's omitted petition fails to demonstrate either of the remaining requirements standing alone, or reading the petition in conjunction with the record as a whole.

Citing *Salladino v. Brooks,* 324 Pa.Super. 172, 471 A.2d 518 (1984), appellant asserts that his non-appearance was excused by the fact of his incarceration. Appellant however fails to note a material and dispositive distinction between his case and *Salladino.* In *Salladino,* counsel for the incarcerated plaintiff had taken all the steps available to secure the incarcerated plaintiff's appearance; consequently, plaintiff's non-appearance in *Salladino* was not plaintiff's fault. 471 A.2d at 520–21 & n. 2. Here, appellant

failed to take *any* steps prior to entry of judgment *non pros* to ensure his availability for the proceedings.

█ Appellant apparently labors under the *false* assumption that by proceeding *pro se* he is absolved of all responsibility to comply with procedural rules, and that the appellee and/or the court had some affirmative duty to walk him through the procedural requirements, or to ignore the procedural requirements, in order to reach the merits of his claim. Such is not the case. The United States Supreme Court has explained:

> The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law.

*Farretta v. California,* 422 U.S. 806, 834 n. 46, 95 S.Ct. 2525, 2540 n. 46, 45 L.Ed.2d 562, 581 n. 46 (1975); *see also Wiegand v. Wiegand, supra,* 525 A.2d at 774. Thus, appellant's default is *not* reasonably explained in his petition to open.

█ Moreover, and perhaps even more importantly, appellant's underlying complaint fails entirely to establish a legitimate cause of action. Appellant has failed to aver facts sufficient to establish proximate cause or causation in fact with regard to his underlying attorney malpractice claim.

In *Ibn–Sadiika v. Riester,* 380 Pa.Super. 397, 551 A.2d 1112 (1988), this Court explained that four things must be established to prove a claim of attorney malpractice:

1) the employment of the attorney or other basis for a duty to act on the part of the attorney;

2) the failure of the attorney to exercise ordinary skill and knowledge;

3) that such negligence was the proximate cause of damage to the plaintiff; and,

4) that the plaintiff would have succeeded on the underlying claim but for the attorney's negligence.

551 A.2d at 1115. Here, as in *Ibn–Sadiika,* appellant failed entirely to aver facts which, if proved, would establish either proximate causation with respect to damages or actual cause in that but for counsel's alleged negligence the damages claimed would not have been incurred. While amendment might be permitted or required in *other* circumstances, here as in *Ibn–Sadiika,* the allegations of ineffectiveness "are appallingly vague and conclusory," and would weigh heavily against allowance of amendment even if this were a simple appeal from summary judgment. 551 A.2d at 1117.

The unique procedural posture of this case, however, precludes allowance of amendment to state a claim. Here, rather than appealing summary judgment, appellant seeks to open a judgment of *non pros.* As stated earlier in this opinion, it is well settled that a party seeking to open a judgment of *non pros* via a petition to open must set forth the existence of a proper underlying claim. *See Walt Medical v. Electro Nucleonics, supra.* Accordingly, it follows that an appellant who bypasses the petition to open process before the trial court and files a direct appeal to this Court must also meet the requirement of stating a proper cause of action. Instantly, appellant has failed to meet his burden of setting forth a proper cause of action. Therefore, we are constrained to allow the trial court's entry of judgment of *non pros* to stand.

Order Affirmed.

OLSZEWSKI, J., joined the majority opinion and filed a concurring statement.

JOHNSON, J., filed a dissenting opinion.

OLSZEWSKI, Judge, concurring statement:

I wholeheartedly join Judge Kelly's disposition of this case. I write only to address the concerns raised by Judge Johnson's dissent.

As an intermediate appellate court, we are bound to follow the law as announced by our Supreme Court. *Val-*

*ley Peat & Humus v. Sunnylands, Inc.*, 398 Pa.Super. 400, 405, 581 A.2d 193, 195 (1990), *petition for alloc. filed*, 979 E.D.Alloc.Dkt.1990, Nov. 5, 1990. As a panel of this Court, we are also powerless to overturn *en banc* decisions.

The dissent correctly notes that this case is identical to *Williams v. Gallagher*, 396 Pa.Super. 584, 579 A.2d 403 (1990). That decision establishes the propriety of the analysis of Judge Kelly's opinion. Were *Williams* a panel decision of this Court, *stare decisis* would lead me to approve of the analysis the dissent finds objectionable. As an *en banc* decision, *Williams* leaves us no choice but to employ that analysis. Therefore, I concur in the majority opinion.

JOHNSON, Judge, dissenting.

When Damon Jones failed to appear at the call of the trial list on December 8, 1988, the Honorable Abraham J. Gafni entered a judgment of non pros. This was nothing more nor less than is contemplated by Pa.R.C.P. 218. Without filing any petition to remove the non pros, Jones appeals directly to this court.

This case is both factually and procedurally identical with *Williams v. Gallagher*, 396 Pa.Super. 584, 579 A.2d 403 (1990). Both cases involve a criminal defendant/plaintiff suing his attorney for legal malpractice. As occurred in *Williams*, the majority in this case would utilize a three-prong test to determine whether grounds exist to support the *opening* of the judgment of non pros. As in *Williams*, the majority refuses to distinguish between (1) a direct appeal from the order *entering* a non pros and (2) an appeal from an order *granting or denying a petition to remove* the judgment of non pros.

By refusing to recognize the difference, the majority attempts to analyze and evaluate a non-existent petition to open or remove the judgment and then proceeds to analyze and evaluate the underlying complaint, as if a demurrer to the complaint was before us for review. I find troubling the references by the majority to Jones' "omitted petition", at page 522, and "his petition to open", at page 522. There

is no petition to open included in the certified record in this case.

Moreover, the docket entries certified to this court by the Prothonotary in and for Philadelphia County on June 28, 1989 and December 31, 1990 contain absolutely no reference to either a petition to open or any attempt to file such a document. My colleagues apparently are willing to ignore Damon Jones' malpractice in this malpractice action and review Jones' claims as if a petition to open had been filed!

In *Williams v. Gallagher, supra,* I agreed completely with the most distinguished trial judge, Judge Gafni. I reviewed the certified record in that case and concluded that:

Judge Gafni appropriately limited himself to those matters which had been properly placed before him, both in administering the call of the list and in complying with Pa.R.A.P.1925. Were we to do the same, we would find no abuse of discretion on the part of the most distinguished trial judge.

. . .

... We need only determine what facts were available to Judge Gafni at the moment he entered the judgment of non pros. Until either [in this case—Jones] or the majority cites to something specific in the record certified on this appeal, which cited information was available to, and should have been known by, Judge Gafni at the time the list was called, I will continue to afford Judge Gafni the respect and credibility which is his due.

*Williams v. Gallagher,* 396 Pa.Super. at 590, 579 A.2d at 406, (Dissenting Opinion, Johnson, J.).

I reach the identical conclusion, on identical facts and identical reasoning, in the case before us. The reasoning and analysis contained in the majority opinion on this appeal parallels that contained in the majority decisions in *Valley Peat & Humus v. Sunnylands, Inc.,* 398 Pa.Super. 400, 581 A.2d 193 (1990), *petition for alloc. filed* 979 E.D.Alloc.Dkt. 1990, November 5, 1990, and *Williams v. Gallagher, supra.*

I have attempted to set forth my position concerning these cases involving Pa.R.C.P. 218 in my dissents to those cases. 398 Pa.Super. at 411–419, 581 A.2d at 198–202; and 396 Pa.Super. at 588–591, 579 A.2d at 405–407.

My colleagues on the lead opinion suggest that the procedural history of this case is obscure and confused. I cannot agree.

The certified record is quite clear. Judge Gafni executed an order, dated December 8, 1988, which entered judgment of non pros. Copies of the order were sent to the parties on December 9, 1988. The order was filed in the Prothonotary's Office in the First Judicial District on December 13, 1988. There are no pleadings contained within the certified record to support Jones' contentions in his brief regarding any petition to open.

Only facts that appear in the record may be considered by this court on review. An appellate court cannot, and should not, consider anything which is not a part of the record in the case. *Reilly by Reilly v. Southeastern Pennsylvania Transportation Authority,* 507 Pa. 204, 214–215, 489 A.2d 1291, 1296 (1985); *Commonwealth v. Young,* 456 Pa. 102, 114–116, 317 A.2d 258, 264 (1974); *McCormick v. Allegheny General Hospital,* 364 Pa.Super. 210, 218–20, 527 A.2d 1028, 1032–33 (1987).

Until our court filed its decisions in *Williams, supra, Valley Peat & Humus, supra,* and *Elcomp, Inc. v. Drolet,* 398 Pa.Super. 203, 581 A.2d 203 (1990), the procedure to follow in cases involving Rule 218 was, in my view, quite clear. *See Nivens v. Chestnut Hill Hospital,* 373 Pa.Super. 377, 541 A.2d 365 (1988); *Toczylowski v. General Bindery Co.,* 359 Pa.Super. 572, 519 A.2d 500 (1986).

The only order from which an appeal has been taken, and which is presented to this panel for review, is Judge Gafni's order of December 8, 1988 entering judgment of non pros upon failure of a party to appear at the call of the list. I fail to see what a non-existent petition to open, or the allegations contained in the complaint, might have to do

with the review of that order. As in *Williams v. Gallagher*, the only issue before us on this appeal is this:

When a case is called for trial, if without satisfactory excuse a plaintiff is not ready, may a court enter a non pros on its own motion without abusing its discretion?

I strongly believe that the answer to that question must be a simple yes, without embellishment. Since the lead opinion employs a manner of decision that seems to rely upon the majority opinions in *Valley Peat & Humus*, and in *Williams*, I must dissent. I agree that the order entering judgment of non pros must be affirmed, but for the reasons cogently and concisely set forth by Judge Gafni in his Opinion dated 6/15/89, and for no other reasons.

Where an appeal has been taken directly to an appellate court without the previous filing of a motion to vacate the judgment of non pros and without the evidentiary hearing which would follow, how can we expect our trial judges to divine whether the default that occasioned the entry of judgment can be reasonably explained? I feel we are placing an impossible burden upon our trial judges. I dissent.