J-S63036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JAMILA SAVANNAH, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| PAUL HALL, | : | |
| | : | |
| Appellant | : | No. 1135 EDA 2015 |

Appeal from the Order entered on March 27, 2015
in the Court of Common Pleas of Montgomery County,
Domestic Relations  Division, No. 2014-21057

BEFORE:  DONOHUE, MUNDY and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED NOVEMBER 23, 2015**

Paul Hall ("Hall"), *pro se*, appeals from the Order directing him to pay child support to Jamila Savannah ("Savannah"), concerning their minor son ("Child" – d.o.b. 1/22/13).  We affirm.

In April 2014, Savannah filed a Complaint for child support.  Following a hearing, the Support Conference Master determined that Hall is obligated to pay $707.02 per month in support for Child.  Hall timely filed Exceptions to the support Order.  After a hearing on Hall's Exceptions, the trial court entered an Order on March 27, 2015, directing that Hall must pay $533.26 per month in child support.  Hall thereafter timely filed a *pro se* Notice of Appeal.

By an Order entered on April 16, 2015, the trial court directed Hall to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on

appeal, within 21 days. After the 21-day period had expired, with no filing by Hall,[1] the trial court issued a Pa.R.A.P. 1925(a) Opinion on May 11, 2015, requesting that we quash Hall's appeal for his failure to file a concise statement. Seven days later, Hall filed a *pro se*, hand-written "Statement of Matter Complained in Compliance with Rule 1925(b)." Therein, Hall did not list any issues or claims of trial court error. Rather, the document contained only a single word: "unconstitutional." Rule 1925(b) Concise Statement, 5/18/15.

"[I]n order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." ***Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005) (quoting ***Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998)). In the instant case, based on Hall's failure to timely file a Rule 1925(b) concise statement, he has waived all of his issues on appeal.[2]

Although we acknowledge that Hall is proceeding *pro se* in this appeal,

> as a *pro se* litigant, he is not entitled to any particular advantage because he lacks legal training. Further, any layperson choosing to represent himself in a legal proceeding must, to some

---

[1] Hall did not request an extension of time to file a Rule 1925(b) concise statement.

[2] Moreover, even if we considered Hall's **untimely**, *pro se* Concise Statement, this filing failed to preserve **any** issues for appellate review, as it contained merely a single word.

> reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing.

***Kovalev v. Sowell***, 839 A.2d 359, 367 n.7 (Pa. Super. 2003) (citation, quotation marks and brackets omitted). Accordingly, a *pro se* litigant must still comply with the Pennsylvania Rules of Appellate Procedure. ***Jones v. Rudenstein***, 585 A.2d 520, 522 (Pa. Super. 1991) (citing ***Farretta v. California***, 422 U.S. 806, 834 n.46 (1975)).

In addition to Hall's failure to file a timely Pa.R.A.P. 1925(b) concise statement, he has also failed to file a brief that complies with the Pennsylvania Rules of Appellate Procedure. Rule 2111(a) mandates that an appellant's brief **shall** consist of the following matters, separately and distinctly entitled, and in the following order:

(1)   Statement of jurisdiction.

(2)   Order or other determination in question.

(3)   Statement of both the scope of review and the standard of review.

(4)   Statement of the questions involved.

(5)   Statement of the case.

(6)   Summary of argument.

(7)   Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.

(8)   Argument for appellant.

(9)   A short conclusion stating the precise relief sought.

(10) The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.

(11) In the Superior Court, a copy of the statement of the matters complained of on appeal, filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

Pa.R.A.P. 2111(a).

Hall's *pro se* brief does not contain **any** of the sections mandated by Rule 2111(a), aside from an "argument" section that is in narrative form, and difficult to understand. Moreover, Hall's argument fails to cite to any relevant legal authority. **See** Pa.R.A.P. 2119(a) (requiring that an appellant develop an argument with citation to and analysis of relevant legal authority); **see also Papadoplos v. Schmidt, Ronca & Kramer, PC.**, 21 A.3d 1216, 1229 (Pa. Super. 2011) (finding waiver where the appellants advanced only a cursory argument in support of their issue, and failed to cite to any pertinent legal authority). Based upon these grave deficiencies, Hall's claims are waived on this basis as well.[3]

Accordingly, we affirm the trial court's March 27, 2015 Order. **See In re K.L.S.**, 934 A.2d 1244, 1246 n.3 (Pa. 2007) (stating that a trial court order or judgment is more properly "affirmed" – as opposed to "quashed" – when the appellant has failed to preserve issues for appeal).

Order affirmed.

---

[3] Nevertheless, even if we did not find Hall's claims waived, we would have determined that he is not entitled to appellate relief, based upon the rationale advanced on pages 2-4 of the trial court's May 11, 2015 Opinion.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/23/2015