J-S82009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| R.L.M. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| E.M. | |
| Appellant | No. 481 MDA 2016 |

Appeal from the Order Entered February 29, 2016
In the Court of Common Pleas of Centre County
Civil Division at No(s): 2013-0031

BEFORE: OTT, J., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED DECEMBER 30, 2016**

E.M. appeals *pro se* from the order entered February 29, 2016, in the Court of Common Pleas of Centre County that denied, without a hearing, his Petition to Enforce. E.M.'s petition to enforce was based upon a provision for supervised visitation of his children contained in a Protection From Abuse (PFA) Order entered against him by a different judge on January 29, 2016. The order presently at issue stated E.M. "may pursue periods of partial custody through his custody action at No. 2013-0002, but not through this Protection From Abuse action." Order, 2/29/2016. E.M. raises the following question in this appeal: "Did the lower court judge abuse her discretion in

_____

[*] Retired Senior Judge assigned to the Superior Court.

summarily denying to enforce an order issued by another judge in the same court?" E.M.'s Brief at 2. Finding waiver, we affirm.

The procedural history of this case is as follows. On March 21, 2016, E.M. filed a notice of appeal from the order denying his petition to enforce, entered by the Honorable Pamela A. Ruest. On March 24, 2016, Judge Ruest issued a Pa.R.A.P. 1925(b) order, directing E.M. to file a concise statement within 21 days of the date of the filing of the order. No timely concise statement was filed.

Thereafter, on May 20, 2016, the Honorable Jonathan D. Grine issued an order, asking that this Court consider E.M.'s failure to comply with Judge Ruest's order to file a concise statement "as a waiver of all objections to the Order entered on February 29, 2016, denying [E.M.'s] Petition to Enforce." Trial Court Order, 5/20/2016. Subsequently, E.M. filed a Rule 1925(b) statement on June 7, 2016, with the following note:

> Note concerning timeliness of this statement: [E.M.] has two appeals pending under docket number docket 2013-0031. He received two orders for statements of errors complained [of on appeal] but they did not indicate which appeal was being considered. They came from two different judges and, since the presiding judge had changed, [E.M.] assumed both were related to the first (this being the second) appeal filed under this docket number. [E.M.] only became aware of the statement of errors for this particular appeal was due when the common pleas court asked to have it dismissed.

E.M.'s Statement of Errors, 6/7/2016.

On June 13, 2016, Judge Grine authored an "Opinion in Response to Matters Complained of on Appeal," pointing out E.M.'s concise statement

was "untimely," and further stating the court relied upon the reasoning provided in the order of February 29, 2016. Trial Court Opinion, 6/13/2016. Based on our review, we agree with Judge Grine that the Rule 1925(b) statement is untimely, and conclude E.M. has waived the issue on appeal.

As E.M. indicated in the concise statement he filed in connection with this appeal, he has two appeals pending in this Court. E.M. first appealed the January 29, 2016 PFA order, which was entered by Judge Grine at civil docket number 2013–0031. *See R.L.M. v. E.M.*, 357 MDA 2016, listed at J-S82008-16. On March 16, 2016, Judge Grine issued an order under the caption "No. 2013-0031 Protection From Abuse," directing E.M. to file a Pa.R.A.P. 1925(b) statement within 21 days of the filing of the order. On April 1, 2016, E.M. timely complied with Judge Grine's order, filing his concise statement under the caption "No. 2013-0031 Protection From Abuse."

As already stated, with regard to the present appeal from the order denying E.M.'s petition to enforce, Judge Ruest's order directing E.M. to file a Rule 1925(b) statement was entered on March 24, 2016. The order was captioned with the docket number "2013-0031." However, E.M. did not comply with Judge Ruest's order until June 7, 2016. According to E.M.'s note to the concise statement, quoted above, he assumed the two separate orders he received for concise statements were both related to his first appeal. This misapprehension does not save E.M.'s claim from waiver.

It is important to note that "*pro se* status does not entitle a party to any particular advantage because of his or her lack of legal training." *First Union Mortg. Corp. v. Frempong*, 744 A.2d 327, 333 (Pa. Super. 1999). Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of Court. *See Jones v. Rudenstein*, 585 A.2d 520 (Pa. Super. 1991).

It is also well settled that "in order to preserve their claims for appellate review, Appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a 1925(b) statement will be deemed waived." *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998). *See also In re Estate of Boyle*, 77 A.3d 674, 677 (Pa. Super. 2013). "In determining whether an appellant has waived his issues on appeal based on non-compliance with Pa.R.A.P. 1925, it is the trial court's order that triggers an appellant's obligation … therefore, we look first to the language of that order." *Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 225 (Pa. Super. 2014) (*en banc*), *citing In re Estate of Boyle, supra*, at 676.

Here, Judge Ruest's March 24, 2016 Rule 1925(b) order, which was properly filed, docketed, and served, directed E.M. to file a concise statement within 21 days of the filing of the order, and serve the statement on the trial court. The order advised that any issue not properly included in the timely filed statement would be deemed waived. *See* Order, 3/24/2016.

Because E.M. did not file his concise statement until June 7, 2016, the statement was untimely and, consequently, the issues raised therein are waived. ***See In re Estate of Boyle, supra*** at 679 (concluding issues were waived for failing to file a timely Rule 1925(b) statement). Accordingly, we affirm.[1]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/30/2016

---

[1] Even if we addressed E.M.'s claim on the merits, we would find no basis upon which to disturb Judge Ruest's decision since she essentially denied the petition to enforce without prejudice to E.M's ability to file the petition in his custody action. ***See*** Order, 2/29/2016.