J-S82008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| R.L.M. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| E.M. | |
| Appellant | No. 357 MDA 2016 |

Appeal from the Order Entered January 29, 2016
In the Court of Common Pleas of Centre County
Civil Division at No(s): 13-0031

BEFORE:  OTT, J., DUBOW, J., and PLATT, J.[*]

JUDGMENT ORDER BY OTT, J.:                    **FILED JANUARY 09, 2017**

E.M. appeals *pro se* from the order entered January 29, 2016, in the Court of Common Pleas of Centre County, that extended a Protection From Abuse (PFA) order against him for three years.  We dismiss this appeal.

Here, E.M. asserts that the trial judge extended the PFA order at the conclusion of a January 28, 2016, hearing, involving indirect criminal contempt of the PFA order.  ***See*** E.M.'s Brief at 5.  E.M. claims the trial court's extension of the PFA order violates 23 Pa.C.S. § 6114(b)(4), which provides:

> Upon conviction for indirect criminal contempt and at the request of the plaintiff, the court shall also grant an extension of the protection order for an additional term.

---

[*] Retired Senior Judge assigned to the Superior Court.

23 Pa.C.S. § 6114(b)(4). Specifically, E.M. argues "[t]he plaintiff in question was not present physically or otherwise at the indirect criminal contempt hearing and did not request an extension either at the hearing or any other time." E.M.'s Brief at 6.

Although E.M. references the January 28, 2016 transcript in his brief,[1] the transcript is not contained in the certified record for this appeal. Importantly, for this appeal, this Court has no record of what transpired at the indirect criminal contempt hearing prior to the entry of the trial court's order extending the PFA against E.M.

Pennsylvania Rule of Appellate Procedure 1911(a) requires an appellant to request and pay for transcripts of proceedings. It is the duty of the appellant, not the trial court, to provide an adequate certified record for appellate review. **Smith v. Smith**, 637 A.2d 622, 623 (Pa. Super. 1993).

While E.M. is proceeding *pro se*, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of Court. **See Jones v. Rudenstein**, 585 A.2d 520, 522 (Pa. Super. 1991). Furthermore, E.M. is not excused from ensuring that this Court has a complete record for review because he is proceeding *in forma pauperis*. **Commonwealth v. Lesko**, 15 A.3d 345, 410 (Pa. 2011). Here, there is no request for the transcript of the

---

[1] **See** E.M.'s Brief at 5 (stating "All statements referenced here can be found in the Transcript p. 101.").

January 28, 2016, indirect criminal contempt hearing in the certified record.[2]

Consequently, E.M.'s failure to ensure that this Court has a complete record prevents us from reviewing the trial court's decision in light of the issue raised by E.M. in this appeal. Accordingly, we dismiss the appeal. **See** Pa.R.A.P. 1911(d).[3]

Appeal dismissed.

_____

[2] No transcript request accompanied E.M.'s February 24, 2016, *pro se* notice of appeal. There is, in the certified record, a copy of a March 1, 2016, letter, from the Prothontary and Clerk of Courts of Centre County Court of Common Pleas to E.M., advising E.M. that his notice of appeal from the order entered January 28, 2016, would be stricken if a petition to proceed *in forma pauperis* or filing fees were not received by March 11, 2016. **See** Letter, 3/1/2016 (Docket #20). Significantly, the Prothontary and Clerk of Courts also indicated that enclosed with the letter was a request for transcript form, which E.M. was required to "complete[] and return[], pursuant to instructions." **Id.**

On March 23, 2016, E.M. filed a petition to proceed *in forma pauperis*, which was granted by the court by order entered on the same day. **See** Order, 3/23/2016. However, there is no indication in the certified record that E.M. ever sent the trial court a request for the transcript of the January 28, 2016, hearing in connection with the instant appeal.

[3] "If the appellant fails to take the action required by these rules and the Pennsylvania Rules of Judicial Administration for the preparation of the transcript, the appellate court may take such action as it deems appropriate, which may include dismissal of the appeal." Pa.R.A.P. 1911(d).

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/9/2017</u>