J-A15028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LYSBETH W. CLARK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRUCE L. CLARK | : | |
| | : | |
| Appellant | : | No. 1817 MDA 2017 |

Appeal from the Order November 15, 2017
In the Court of Common Pleas of Lancaster County Civil Division at
No(s):  CI-1979-May-262

BEFORE:  PANELLA, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MURRAY, J.:                    **FILED JULY 11, 2018**

Bruce L. Clark (Husband) appeals *pro se* from the order denying his motion for the "Determination of the Obvious Validity of the Defendant's and the Court's Documented Identical Versions of the Postnuptial Agreement of 1984."  We affirm.

The trial court summarized the relevant factual history of this case as follows:

> Husband and [Lysbeth W. Clark (Wife)] signed a post-nuptial agreement on December 27, 1984.  As stated in paragraph twelve (12) of the Agreement, Wife is entitled to a percentage of Husband's Philadelphia Electric Company pension when Husband begins drawing on it.  Paragraph 12 also contains a formula to determine Wife's monthly portion of Husband's pension payout. In 1995, Husband retired and Wife began receiving her portion of Husband's pension payment directly from Husband.  The amount of this payment was $532.30 per month.  Husband began withholding monthly payments to Wife in October 2015.  Husband stated the reason he stopped making the payments was because Wife interfered with his relationship with their daughter and their grandchildren.

Trial Court Opinion, 12/15/17, at 4-5 (citations omitted).

On July 6, 2016, Wife filed a petition to enforce the postnuptial agreement and for counsel fees, which the trial court granted on July 8, 2016. Between July 14, 2016 and November 30, 2016, Husband filed eight petitions challenging the validity of the postnuptial agreement, all of which were denied by the trial court. On December 14, 2016, the parties came to an agreement and executed a Qualified Domestic Relations Order addressing Wife's entitlement to a portion of Husband's pension payout. However, beginning on January 4, 2017 through November 14, 2017, Husband filed another six petitions challenging the validity of the postnuptial agreement. The trial court denied each petition. On November 27, 2017, Husband filed a timely *pro se* notice of appeal from the trial court's order denying as moot Husband's most recent motion challenging the validity of the postnuptial agreement. The trial court issued its Rule 1925(a) opinion on December 15, 2017.

In reviewing Husband's brief, we are unable to discern the issue or issues that Husband wishes this Court to review because Husband has failed to include a statement of questions involved. We have recognized that the omission of a statement of questions involved is "particularly grievous since the statement . . . defines the specific issues this court is asked to review." **Commonwealth v. Maris**, 629 A.2d 1014, 1015-16 (Pa. Super. 1993). "When the omission of the statement of questions [involved] is combined with the lack of any organized and developed arguments, it becomes clear that

appellant's brief is insufficient to allow us to conduct meaningful judicial review." ***Smathers v. Smathers***, 670 A.2d 1159, 1160 (Pa. Super. 1996).

Additionally, Husband's brief fails to comply with the Pennsylvania Rules of Appellate Procedure. Rule 2111(a) mandates that an appellant's brief **shall** consist of the following matters, separately and distinctly entitled, and in the following order:

(1)  Statement of jurisdiction.

(2)  Order or other determination in question.

(3)  Statement of both the scope of review and the standard of review.

(4)  Statement of the questions involved.

(5)  Statement of the case.

(6)  Summary of argument.

(7)  Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.

(8)  Argument for appellant.

(9)  A short conclusion stating the precise relief sought.

(10) The opinions and pleadings specified in paragraphs (b) and (c) of this rule.

(11) In the Superior Court, a copy of the statement of the matters complained of on appeal, filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

(12) The certificates of compliance required by Pa.R.A.P. 127 and 2135(d).

Pa.R.A.P. 2111(a) (emphasis added).

Husband's *pro se* brief does not contain **any** of the sections mandated by Rule 2111(a). Moreover, Husband's brief fails to include citations to legal authority and record citations. ***See*** Pa.R.A.P. 2119(a) (requiring that an appellant develop an argument with citation to and analysis of relevant legal authority); ***see also Papadoplos v. Schmidt, Ronca & Kramer, P.C.***, 21 A.3d 1216, 1229 (Pa. Super. 2011) (finding waiver where the appellants advanced only a cursory argument in support of their issue, and failed to cite to any pertinent legal authority). Based upon these deficiencies, Husband's claim is waived.[1] For this reason, we find no basis upon which to disturb the trial court's order.

Order affirmed.

_____

[1] Although Husband is proceeding *pro se* in this appeal, he must still comply with the Pennsylvania Rules of Appellate Procedure. ***Jones v. Rudenstein***, 585 A.2d 520, 522 (Pa. Super. 1991) (citing ***Farretta v. California***, 422 U.S. 806, 834 n.46 (1975)). Husband's *pro se* representation does not relieve him of his duty to properly raise and develop appealable claims. ***Smathers***, 670 A.2d at 1160. We have explained:

> [A]ny layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing.

***Kovalev v. Sowell***, 839 A.2d 359, 367 n.7 (Pa. Super. 2003) (citation, quotation marks and brackets omitted).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>07/11/2018</u>