J-S39020-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYRONE MARTIN | : | |
| | : | |
| Appellant | | No. 386 MDA 2018 |

Appeal from the Judgment of Sentence February 14, 2018
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s): CP-31-CR-0000581-2015

BEFORE: STABILE, J., MURRAY, J., and MUSMANNO, J.

JUDGMENT ORDER BY MURRAY, J.: **FILED JULY 20, 2018**

Tyrone Martin (Appellant) appeals *pro se* from the judgment of sentence imposed after the trial court convicted him of two counts of summary harassment of corrections officers and sentenced him to pay a fine at each count.[1] Upon review, we dismiss this appeal pursuant to Pa.R.A.P. 2101 (appeal may be dismissed where defects of the appellant's brief are substantial).

Appellant's brief is comprised of three handwritten pages and is largely nonsensical. We are unable to discern the issue or issues that Appellant wishes this Court to review because he has failed to include a statement of questions involved. The omission of a statement of questions involved is

_____

[1] 18 Pa.C.S.A. § 2709(a)(1); Appellant is incarcerated at SCI Forest, where he is serving a sentence of life imprisonment.

"particularly grievous since the statement . . . defines the specific issues this court is asked to review." ***Commonwealth v. Maris***, 629 A.2d 1014, 1015-16 (Pa. Super. 1993). "When the omission of the statement of questions [involved] is combined with the lack of any organized and developed arguments, it becomes clear that appellant's brief is insufficient to allow us to conduct meaningful judicial review." ***Smathers v. Smathers***, 670 A.2d 1159, 1160 (Pa. Super. 1996).

Additionally, Appellant's brief fails to adhere to our Rules of Appellate Procedure in virtually all other respects.

> [A]ppellate briefs. . . must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

***In re Ullman***, 995 A.2d 1207, 1211 (Pa. Super. 2010) (citations omitted), ***appeal denied***, 20 A.3d 489 (Pa. 2011). Rule 2111(a) mandates that an appellant's brief **shall** consist of the following matters, separately and distinctly entitled, and in the following order:

(1) Statement of jurisdiction.

(2) Order or other determination in question.

(3) Statement of both the scope of review and the standard of review.

(4) Statement of the questions involved.

(5) Statement of the case.

(6) Summary of argument.

(7)    Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.

(8)    Argument for appellant.

(9)    A short conclusion stating the precise relief sought.

(10)   The opinions and pleadings specified in paragraphs (b) and (c) of this rule.

(11)   In the Superior Court, a copy of the statement of the matters complained of on appeal, filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

(12)   The certificates of compliance required by Pa.R.A.P. 127 and 2135(d).

Pa.R.A.P. 2111(a) (emphasis added).

Appellant's brief does not contain **any** of the sections mandated by Rule 2111(a). Moreover, Appellant fails to include citations to legal authority and record citations. *See* Pa.R.A.P. 2119(a) (requiring that an appellant develop an argument with citation to and analysis of relevant legal authority). Based upon these substantial deficiencies, we dismiss the appeal.[2]

---

[2] Although Appellant is proceeding *pro se* in this appeal, he must still comply with the Pennsylvania Rules of Appellate Procedure. ***Jones v. Rudenstein***, 585 A.2d 520, 522 (Pa. Super. 1991) (citing ***Farretta v. California***, 422 U.S. 806, 834 n.46 (1975)). Appellant's *pro se* representation does not relieve him of his duty to properly raise and develop appealable claims. ***Smathers***, 670 A.2d at 1160. We have explained:

[A]ny layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/20/2018

---

***Kovalev v. Sowell***, 839 A.2d 359, 367 n.7 (Pa. Super. 2003) (citation, quotation marks and brackets omitted).