J-S34040-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM PETERMAN | : | |
| | : | |
| Appellant | : | No. 626 MDA 2025 |

Appeal from the Judgment of Sentence Entered April 10, 2025
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-SA-0000032-2025

BEFORE:  STABILE, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:              **FILED: DECEMBER 23, 2025**

Appellant, William Peterman, appeals *pro se* from the judgment of sentence of fines and court costs, imposed after he was convicted of various traffic offenses, including driving without a valid license, 75 Pa.C.S. § 1501(a). We affirm.

The trial court set forth the pertinent facts and procedural history of Appellant's case as follows:

> On November 3, 2024, [Appellant] was charged with multiple traffic violations, including driving without a valid license, operating an unregistered vehicle, operating a vehicle without valid inspection, and operating a vehicle without proof of financial responsibility.  He was found guilty of all seven citations by a Magisterial District Judge and subsequently appealed the convictions to the Court of Common Pleas.
>
> A summary appeal hearing was held on April 10, 2025.  During the hearing, testimony was presented by Officer Adam Cohick of the York County Regional Police Department, as well as by [Appellant].  Officer Cohick testified that he observed an Audi sedan traveling ahead of him on the roadway.  After running the

vehicle's license plate through the [computer] system, he discovered that its registration had expired at the end of January 2024. Officer Cohick initiated a traffic stop and identified the driver as [Appellant].

Upon reviewing [Appellant's] certified driving record, Officer Cohick determined that [Appellant] did not possess a valid driver's license. The record showed only that [Appellant] held a Pennsylvania photo identification card and had never been issued a driver's license. The record did not indicate a suspension, but confirmed the absence of any driving privileges.

During the stop, [Appellant] was cooperative and explained to Officer Cohick that he had recently moved from New Jersey to Pennsylvania. He stated that he had previously lived in South Carolina, and due to unresolved reinstatement fees stemming from a suspension in that state, the Pennsylvania Department of Transportation would not issue him a driver's license. [Appellant] also admitted that his New Jersey license had expired and that he could not renew it because he had established residency in Pennsylvania. Consequently, he acknowledged that he had no valid license in any state at the time of the stop.

Based on this information, Officer Cohick issued [Appellant] citations for operating a motor vehicle without a license and registration. He also determined that [Appellant] lacked proof of insurance, and that the vehicle did not have a valid Pennsylvania inspection. Although the vehicle bore a New Jersey inspection sticker, Officer Cohick explained that vehicles registered or operated in Pennsylvania must comply with the Commonwealth's inspection requirements. The New Jersey inspection was not valid for purposes of Pennsylvania law.

[Appellant] testified in his own defense, asserting that his failure to obtain the necessary driving credentials and documentation was the result of administrative issues beyond his control. He explained that his move from South Carolina to New Jersey allowed him to obtain a New Jersey license without first addressing the suspension in South Carolina. However, upon relocating to Pennsylvania, he was unable to secure a Pennsylvania license because the unresolved fees in South Carolina prevented the issuance of a new license. He further testified that his lack of a license precluded him from obtaining insurance, registration, or a proper inspection. In effect, [Appellant] acknowledged the violations for which he had been cited.

- 2 -

Trial Court Opinion (TCO), 6/3/25, at 1-2.

Ultimately, the trial court convicted Appellant of driving without a license, operating a vehicle without a valid inspection, 75 Pa.C.S. § 4703(a), driving an unregistered vehicle, 75 Pa.C.S. § 1301(a), and operating a vehicle without required financial responsibility, 75 Pa.C.S. § 1786(f). On April 10, 2025, the court sentenced him to fines and costs totaling $1,902.22. Appellant filed a timely, *pro se* notice of appeal. He and the court thereafter complied with Pa.R.A.P. 1925.

However, Appellant's *pro se* brief wholly fails to comply with our Rules of Appellate Procedure. For instance, Appellant does not set forth a Statement of the Questions Involved, as required by Pa.R.A.P. 2116. That rule makes clear that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116(a). Additionally, the Argument portion of Appellant's brief does not identify, "at the head of each part--in distinctive type or in type distinctively displayed[,]" any particular issue(s) he is asserting, as mandated by Pa.R.A.P. 2119(a).

Most problematically, Appellant's argument is essentially incomprehensible, and he does not cite or discuss any legal authority to support his incoherent claims. *See* Appellant's Brief at 5-10; *see also* Pa.R.A.P. 2119(a) (stating that the Argument section must contain "discussion and citation of authorities as are deemed pertinent"). We have explained that,

> [w]hen briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with

- 3 -

pertinent discussion, with references to the record and with citations to legal authorities. Citations to authorities must articulate the principles for which they are cited.

This Court will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.

*Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) (citations omitted).

Given Appellant's briefing deficiencies and incomprehensible argument, we are unable to discern, let alone meaningfully review, any claim(s) that he is attempting to assert on appeal. We recognize that Appellant is proceeding *pro se*; "however, his status as a *pro se* litigant does not entitle him to any advantage due to his lack of legal training." *Commonwealth v. Ray*, 134 A.3d 1109, 1114 (Pa. Super. 2016). "Further, a layperson choosing to represent himself in a legal proceeding to a reasonable extent assumes the risk that his lack of legal training will place him at a disadvantage." *Id.* (citing *Kovalev v. Sowell*, 839 A.2d 359, 367 n.7 (Pa. Super. 2003)). "Accordingly, a *pro se* litigant must still comply with the Pennsylvania Rules of Appellate Procedure." *Id.* (citing *Jones v. Rudenstein*, 585 A.2d 520, 522 (Pa. Super. 1991)). Because, here, Appellant has failed to comply with our rules of

appellate procedure, and we are unable to meaningful review his issues, he has waived them for our review.[1]

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/23/2025

---

[1] We note that Appellant's Rule 1925(b) statement was also incomprehensible, and he set forth no clear or concise issues(s) for the trial court to discuss in its Rule 1925(a) opinion. **See** Rule 1925(b) Statement, 5/9/25, at 1-2. Nevertheless, the trial court provided a well-reasoned analysis of how the evidence was sufficient to support Appellant's convictions. **See** TCO at 3. Notably, the court observed that Appellant's "explanation regarding his inability to obtain driving credentials due to issues in another jurisdiction is not a valid defense under Pennsylvania law." **Id.** It also stressed that "this is the third time [Appellant] has been convicted of similar violations[,]" and concluded that, "[d]espite [Appellant's] repeated encounters with law enforcement and prior convictions, [he] continues to operate a vehicle in Pennsylvania without compliance with the legal requirements. He appears to seek exceptions from the [c]ourt that the law does not permit." **Id.** The record supports the court's determinations. Accordingly, based on the court's discussion and our review of the record, we would agree with the court that the evidence was sufficient to support Appellant's convictions, even had he preserved a sufficiency challenge for our review.