J-S01045-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HIGINIO MENDOZA | : | |
| | : | |
| Appellant | : | No. 859 WDA 2025 |

Appeal from the Judgment of Sentence Entered March 19, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-SA-0001726-2024

BEFORE: BOWES, J., PANELLA, P.J.E., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED: January 26, 2026**

Appellant, Higinio Mendoza, appeals *pro se* from the judgment of sentence entered in the Court of Common Pleas of Allegheny County following his conviction at a bench trial on the charges of driving an unregistered vehicle, operating a vehicle without required financial responsibility, and operating a vehicle without valid inspection.[1]  After our careful review, we affirm.

The trial court has set forth the relevant facts and procedural history as follows:

> [Appellant] filed a Summary Appeal from convictions in the Magisterial District Court for [various motor vehicle violations.]

---

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 1301(a), 1786(f), and 4703(a), respectively.

[The matter proceeded to a *de novo* trial before the trial court on March 19, 2025.]

\*\*\*

During the [trial] on March 19, 2025, the arresting officer, John Cordial, testified that, on October 13, 2024, he conducted a traffic stop on a gray Jeep being driven by [Appellant] which bore inspection stickers expired as of October of 2022. After stopping the vehicle for expired inspection stickers, Officer Cordial's dispatch center advised him that the registration of the vehicle had expired in September of 2023. Officer Cordial asked [Appellant] for his driver's license, insurance, and registration. Although [Appellant] eventually produced a driver's license, he never produced any proof of insurance. Officer Cordial issued [Appellant] citations for the violations of the inspection, registration, and insurance requirements.

Trial Court Opinion, filed 9/8/25, at 1-2.

The trial court convicted Appellant on all charges and sentenced him to pay mandatory statutory fines totaling $415.00, plus court costs. Appellant filed a timely *pro se* notice of appeal. On August 14, 2025, the trial court ordered Appellant to file a "Statement of Errors Complained of on Appeal" pursuant to Pennsylvania Rule of Appellate Procedure 1925(b),[2] and on August 27, 2025, Appellant filed a timely, *pro se* Rule 1925(b) statement. On September 8, 2025, the trial court filed a Rule 1925(a) opinion suggesting that Appellant's court-ordered Rule 1925(b) statement raised no coherent issues, and, thus, Appellant waived all issues for appeal.

_____

[2] We note the trial court's Pa.R.A.P. 1925(b) order complies with Pa.R.A.P. 1925(b)(3).

Preliminarily, we note it is well settled that "Rule 1925 is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal." ***Kanter v. Epstein***, 866 A.2d 394, 400 (Pa.Super. 2004). Any issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review. ***See Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998). Further, an appellant's concise statement must identify the errors with sufficient specificity for the trial court to identify and address the issues the appellant wishes to raise on appeal. ***See*** Pa.R.A.P. 1925(b)(4)(ii) (requiring a Rule 1925(b) statement to "concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge"). A Rule 1925(b) concise statement that is too vague can result in waiver of issues on appeal. ***See Commonwealth v. Dowling***, 778 A.2d 683, 686-87 (Pa.Super. 2001) ("a [c]oncise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all"). ***See also Commonwealth v. Ray***, 134 A.3d 1109, 1114 (Pa.Super. 2016) ("The Pa.R.A.P.1925(b) statement must be sufficiently concise and coherent such that the trial court judge may be able to identify the issues to be raised on appeal.")).

Here, in his *pro se* Rule 1925(b) statement, Appellant set forth the following in its entirety (verbatim):

> [Miller versus the US you cannot convert a right into a criminal act.]

- 3 -

> The definition of a crime is that someone must be hurt or injured, financially physically or a Violation, under statute codes policies regulations, or executive orders, are a commercial Violation. Furthermore, you must be in the activity of or in commerce, and you must be in that jurisdiction for it to be in violation, therefore, having subject matter jurisdiction.
>
> Peterson versus Peterson 2014.
>
> U.S. SUPREME COURT DECISION--"All codes, rules, and regulations are for government authorities ONLY, not human/Creators in accordance with God's Laws. All codes, rules, and regulations are unconstitutional and **lacking due process**.["] Rodrigues v. Ray Donavan, U.S. Department of Labor, 769 F. 2d 1344, 1348 (1985).[3]
>
> For it is with the knowledge that due process was denied to Plaintiff.

Appellant's *Pro Se* Pa.R.A.P. 1925(b) Statement, filed 8/26/25 (emphasis in original) (footnote added).

As indicated *supra*, the trial court urges this Court to conclude that Appellant's Rule 1925(b) statement was so vague and incoherent as to result in waiver of Appellant's issues on appeal. We agree that Appellant's claims were not made clear to the trial court in a manner which allowed the court to properly address them, and, thus, Appellant has waived all issues on appeal for failure to adhere to Pa.R.A.P. 1925(b).

_____

[3] We note that **Rodrigues**, **supra**, involved a claim brought under the Federal Compensation Employee Act ("FECA"), 5 U.S.C.A. §§ 8101-8151. The Ninth Circuit Court of Appeals held that the FECA does not require exhaustion of administrative remedies as a prerequisite to a federal district court's jurisdiction, and, thus, the district court had jurisdiction over the appellant's claim related to the FECA. Notably, the case *sub judice* does not arise under the FECA.

Moreover, we note the quote, which Appellant attributes to **Rodrigues**, **supra**, does not appear therein.

Moreover, we note that Appellant's *pro se* appellate brief wholly fails to comply with our Rules of Appellate Procedure, thus impeding meaningful appellate review. Specifically, Pa.R.A.P. 2111(a) provides that the brief of the appellant shall consist of, *inter alia*, the following matters, separately and distinctly entitled:

(1)  Statement of jurisdiction.

(2)  Order or other determination in question.

(3)  Statement of both the scope of review and the standard of review.

(4)  Statement of the questions involved.

(5)  Statement of the case.

(6)  Summary of argument.

(7)  Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.

(8)  Argument for appellant.

(9)  A short conclusion stating the precise relief sought.

Pa.R.A.P. 2111(a).

Here, Appellant's appellate brief does not comply in any respect to the mandates of Rule 2111(a).  Rather, his appellate brief is styled as a pleading seeking damages in excess of $50,000.00 for alleged malicious prosecution, as well as alleged violations committed by the police. While Appellant summarily avers that he was denied "due process," the trial court lacked "subject matter jurisdiction," and he was subject to "malicious prosecution," Appellant does not develop these claims in his brief. ***See*** Appellant's Brief at 1-8.  Appellant's argument is essentially incomprehensible, and he neither

cites nor discusses any legal authority to support his incoherent claims. *See* Appellant's *Pro Se* Brief at 1-8. *See also* Pa.R.A.P. 2119(a) (stating that the Argument section must contain "discussion and citation of authorities as are deemed pertinent").

We have explained:

> When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. Citations to authorities must articulate the principles for which they are cited.
>
> This Court will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.

*Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa.Super. 2007) (citations omitted).

Given Appellant's briefing deficiencies and incomprehensible argument, we are unable to discern, let alone meaningfully review, any claim(s) that he is attempting to assert on appeal. We recognize that Appellant is proceeding *pro se*; "however, his status as a *pro se* litigant does not entitle him to any advantage due to his lack of legal training." *Ray*, 134 A.3d at 1114. "Further, a layperson choosing to represent himself in a legal proceeding to a reasonable extent assumes the risk that his lack of legal training will place him at a disadvantage." *Id.* (citing *Kovalev v. Sowell*, 839 A.2d 359, 367 n.7 (Pa.Super. 2003)). "Accordingly, a *pro se* litigant must still comply with the

Pennsylvania Rules of Appellate Procedure." ***Ray***, 134 A.3d at 1114 (citing

***Jones v. Rudenstein***, 585 A.2d 520, 522 (Pa.Super. 1991)). Therefore, we

conclude Appellant has waived his appellate issues on this basis, as well.

For all of the aforementioned reasons, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE:  1/26/2026